MICHAEL N. BURT (SBN 83377)
Law Office of Michael N. Burt PC
1000 Brannan Street Suite 400
San Francisco, California 94103
Telephone: 415-522-1508 Facsimile:  415-522-1506
E-mail: mb@michaelburtlaw.com

Attorney for Petitioner
SHERILL LYNN SMOTHERS

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

SHERILL LYNN SMOTHERS,

               Petitioner

      v.

ROB BONTA, ATTORNEY
GENERAL OF THE STATE OF
CALIFORNIA,  AND THE
SUPERIOR COURT OF THE
STATE OF CALIFORNIA IN AND
FOR THE COUNTY OF CONTRA
COSTA,

               Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 24-cv-04784-RFL

**PETITIONER'S TRAVERSE  IN SUPPORT OF HIS PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241(c)(3), AND IN RESPONSE TO RESPONDENT'S ANSWER**

1

**I.**

2

**INTRODUCTION**

3     Pursuant to this Court's order to show cause filed on August 12, 2024 (Dkt.

4  6), and Local Rule 2254-6(c), petitioner, Sherill Lynn Smothers, submits this

5  verified Traverse In Support of his Petition For Writ of Habeas Corpus Pursuant to

6  28 U.S.C. § 2241(c)(3), and in Response to Respondent's Answer ("Ans") and

7  accompanying Memorandum ("Memo") filed on October 14, 2024.  With the

8  Traverse, petitioner also files Petitioner's Memorandum of Points and Authorities

9  in Support of the Traverse and in Opposition to the Memorandum of Points and

10  Authorities in Support of Answer.

11

**II.**

12

**CUSTODY**

13     Petitioner admits that he is a pretrial constructive detainee, freed on bail

14  awaiting retrial on a murder charge in *People v. Sherill Lynn Smothers*, Contra

15  Costa County Superior Court No. 05-161318-1.

16     Petitioner denies that " [o]n July 11, 2005, a San (sic) Clara County

17  Superior Court jury convicted petitioner of sexual penetration of a child under the

18  age of sixteen by a person over the age of twenty-one (Cal. Penal Code § 289(j));

19  penetration of a person unconscious of the nature of the act due to fraudulent

20  representation (id. § 289(d)(4)); sexual penetration of a person under the age of

21  eighteen (id. § 289(h)); lewd and lascivious acts on a child more than ten years

22  younger than petitioner (id. § 288(c)(1)); and two counts of attempting to dissuade

23  a witness from testifying (id. § 136.1(b)(1)). On July 5, 2006, the trial court

24  sentenced petitioner to eleven years and four months in prison. He unsuccessfully

25  pursued direct and collateral review in state court, and thereafter filed the instant

26  petition. He unsuccessfully pursed direct and collateral review in state court, and

27

28                                              2

1    thereafter filed the instant petition."  (Ans. 2).

2        Petitioner affirmatively alleges that the just-quoted language is taken

3    verbatim from Respondent counsel's July 14, 2009 Answer in *Mario Antoniio*

4    *Bautista, Petitioner, v. John F. Salazar*, *Warden*, NDCA, Case

5    No.08-cv-04646-MMC, Dkt. 7 at 1-2, and obviously refers to Mr. Bautista, not

6    petitioner.

7        Petitioner also affirmatively alleges that in sentencing petitioner,

8    Respondent Court specifically found that "the factors favorable to Mr. Smothers

9    are that he has no prior or subsequent criminal record. And I think that's an

10   important factor. When one has gone through adulthood as Mr. Smothers has

11   without any other criminal involvement, it says a lot about a person." 23RT 6735.

12   [1]

13                              **III.**

14                          **VERIFICATION**

15       Petitioner admits that the petition for writ of habeas corpus is signed and

16   verified by counsel for petitioner.

17                              **IV.**

18                   **EXHAUSTION OF STATE REMEDIES**

19       Petitioner admits that he exhausted state remedies for his claims.

20

21                              **V.**

22                  **RESPONDENT'S GENERAL DENIAL**

23       Petitioner denies Respondent's general allegations that he was not denied

24   rights under the Constitution or laws of the United States, that he is not entitled to

25   _____

26       [1] "RT" citations refer to the Reporter's Transcript of trial, which appears in

27   petitioner's Exhibit 12. Numbers preceding "RT" refer to the volume.

28                                3

1    discharge from his present confinement, and that the state court adjudication of

2    petitioner's claims was correct.

3        Petitioner affirmatively alleges that for all of the reasons stated in his

4    petition, incorporated herein by reference, he was denied rights under the Fifth,

5    Sixth, and Fourteenth Amendments to the United States Constitution, that he is

6    therefore entitled to discharge from his present confinement, and that the state

7    court adjudication of his claims was incorrect and in any event irrelevant since the

8    petition is sought under  28 U.S.C. § 2241(c)(3), and not under under  28 U.S.C. §

9    2254.

**VI.**

**RESPONDENT'S SPECIFIC DENIAL**

12       Petitioner admits Respondent's specific allegation that he was convicted of

13   murder at his first trial, but denies Respondent's specific allegation that the

14   Double Jeopardy Clause does not compel dismissal of the murder charge against

15   petitioner, as that conviction was not overturned for insufficiency of the evidence.

16       Petitioner affirmatively alleges that the Double Jeopardy Clause does

17   compel dismissal of the murder charge against petitioner, as although he was

18   convicted of that charge at his first trial, in the course of overturning his

19   conviction on the ground of prejudicial ineffective assistance of counsel, the

20   California Court of Appeal repeatedly and specifically made findings that the

21   ineffectiveness was prejudicial because no evidence supported any of the theories

22   of liability offered by the prosecution, which findings constituted an acquittal

23   under the Double Jeopardy Clause, barring any retrial of the murder charge.

24       Petitioner also denies Respondent's specific allegation that "the doctrine or

25   (sic) collateral estoppel, or 'issue preclusion,' does not prevent the prosecution

26   from relying, at retrial, on a theory that petitioner was an actual killer."

27

28                                          4

Petitioner affirmatively alleges that in the circumstances of this case, where the jury returned a "NOT TRUE" finding on an allegation that petitioner personally used a knife in the commission of the murder, and the trial court, the Court of Appeal, and the prosecutor himself interpreted this verdict as meaning that the jury concluded that under the evidence, instructions, and arguments given to it that petitioner was not the actul killer, the issue preclusion component of the Double Double Jeopardy Clause precludes the prosecution from relitigating the allegation that petitioner was the actual killer.

Petitioner also denies Respondent's specific allegations that petitioner's claim that the prosecution should be precluded from relying on "new" theories or offenses is not ripe, requests an advisory opinion, and does not enable a response, as petitioner fails to identify any "new" theory or offense to which he has been or will be subjected to, that his claim that the prosecution should be precluded from relying on a conspiracy or aiding and abetting theory that should have been brought before lacks relevant authority, and that it also lacks a factual basis, as his first jury was presented with such theories.

## VII.

## RESPONDENT'S INCORPORATION BY REFERENCE

To the extent that Respondent seeks to incorporate by reference all of the factual statements contained in Respondent's accompanying memorandum, petitioner denies those facts which are inconsistent with the facts set forth in the petition and the supporting exhibits. By this reference, petitioner expressly incorporates each and every material fact alleged in the Petition for Writ of Habeas Corpus, and the exhibits filed in support of the claims and facts alleged in the petition, as if each fact and allegation contained therein were fully set forth in this

Traverse. Petitioner further expressly incorporates by this reference the factual and legal discussion contained in the Petition as though fully set forth herein. Except as expressly admitted or otherwise stated in this Traverse, Petitioner denies each and every material allegation made by the State in its Answer and accompanying memorandum.

## VIII.

## RESPONDENT'S RULE 5 STATEMENT

Petitioner denies that Exhibit A attached to the Answer, a true and correct copy of the complete Reporter's Transcript of the November 15 & 16, 2016 conditional examination of Calvin Featherson, has relevance to the present petition. At trial, Respondent Court admonished the jury that portions of the conditional examination had been redacted to remove inadmissible parts of the witness' testimony. Trial Transcript of September 5, 2018 at 4278. The redacted transcript that was admitted into evidence and considered by the jury was People's Exhibit 87A, which petitioner submitted as his Exhibit 11 (Dkt. 1-3 at 507-587). It is this transcript, not Exhibit A, that is relevant to the present petition.

## IX.

## PRAYER FOR RELIEF

THEREFORE, Petitioner respectfully requests that this Court:

1.    Issue a writ of habeas corpus to have Petitioner brought before it to the end that he might be discharged from unconstitutional restraint and/or be relieved of the burden of a retrial;

2.    Prohibit his retrial on the pending murder charge, and order him released from the bail conditions imposed by Respondent Superior Court of the State of California and for the County of Contra Costa, or, in the alternative, prohibit his retrial on the theory of liability that he was the actual killer, or that he

1    aided and abetted, or conspired with, as yet unnamed individuals;

2        3.    Grant Petitioner leave to file a further opposition to any argument that

3    Respondent raises in his Reply that could and should have been raised in the

4    Answer or supporting memorandum;

5        4.    Grant Petitioner leave to file a further amended petition, if

6    appropriate;

7        5.    Provide such other relief as the Court may find appropriate and in the

8    interests of justice.

9    DATED: December 13, 2024

10                        Respectfully submitted,

11

12                        /s/ Michael N. Burt
                          Michael N. Burt
13                        Attorneys for Petitioner
                          Sherill Lynn Smothers

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    7

**VERIFICATION**

MICHAEL N. BURT declares under penalty of perjury as follows:

1.    I am an attorney admitted to practice law in the State of California and before the United States District Court for the Northern District of California.

2.    I am the retained attorney for SHERILL LYNN SMOTHERS, petitioner in this action.

3.    I am making this verification on Petitioner's behalf because the factual matters presented in this case are more within my knowledge than within his; because I am authorized by Petitioner to represent him in these proceedings, and because 28 U.S.C.§2242 authorizes this verification.

4.    I have prepared the forgoing Traverse and declare that all of the facts alleged that are not found in the appellate record, exhibits, or other documents are true of my own personal knowledge.

Executed on December 13, 2024 at San Francisco, California.


/s/ Michael N. Burt
Michael N. Burt
Attorneys for Petitioner
Sherill Lynn Smothers

-

1    **PROOF OF SERVICE**

2        I, the undersigned, declare under penalty of perjury that I am over eighteen

3    years of age and not a party to the within action; my business address is 1000

4    Brannan Street, Suite 400, San Francisco, CA 94103; and that on December 13,

5    2024, I served an electronic copy of the attached Traverse and Memorandum of

6    Points and Authorities in Support of the Traverse and in Opposition to the

7    Memorandum of Points and Authorities in Support of Answer on the following

8    parties by transmitting a true electronic copy via email to the following parties:

9    Hon. John W. Kennedy
     Judge of the Superior Court
10   A. F. Bray Courthouse
     Department 8
11   1020 Ward Street
     Martinez, CA 94553
12   Email: dept08@contracosta.courts.ca.gov

13   Satish Jallepalli
     Office of the District Attorney
14   900 Ward Street
     Martinez, California 94553
15   Email: SJallepalli@contracostada.org

16   Gregory Ott
     Deputy Attorney General
17   455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
18   E-mail: Gregory.Ott@doj.ca.gov
     (Also served via ECF system)
19
     Office of the Attorney General
20   455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
21   Email: sfadocketing@doj.ca.gov

22

23   I declare under penalty of perjury that the foregoing is true and correct.

24        Executed on December 13, 2024 at San Francisco, California.

25                          /s/Michael N. Burt
                            Michael N. Burt
26                          Attorney for Petitioner
                            Sherill Lynn Smothers
27

28                              9